VENABLE LLP
Sarah S. Brooks (SBN 266292)
ssbrooks@venable.com
2049 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

Andrew J. Kutas (*Pro Hac Vice*)
akutas@venable.com
1290 Avenue of the Americas, 20th Floor
New York, New York 10104
Telephone: (212) 218-2100
Facsimile: (212) 218-2200

*Attorneys for Plaintiff Canon Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| CANON INC., a Japanese corporation,<br><br>Plaintiff,<br><br>v.<br><br>MITOCOLOR INC., a California corporation<br><br>Defendant. | Case No. 2:21-CV-02074-JVS-PVC<br><br>**CANON'S CORRECTED NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION**<br><br>Date: September 13, 2021<br>Time: 1:30 p.m.<br>Courtroom: 10C<br>Judge: Hon. James V. Selna<br><br>**JURY TRIAL DEMANDED** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on September 13, 2021 at 1:30 p.m. or as soon thereafter as this matter may be heard, in Courtroom 10C at the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, California 90012, before the Honorable James V. Selna, District Judge, pursuant to Fed. R. Civ. P. 55(b) and Local Rule 55-1, Plaintiff Canon Inc. will and hereby does move for entry of default judgment and issuance of a permanent injunction against Defendant MITOCOLOR INC. ("Mitocolor"). (*See* Dkt. No. 21).

Canon filed the complaint in this action on March 8, 2021. (Brooks ¶ 3[1]). On April 13, 2021, this Court granted Canon's request to serve Mitocolor through the California Secretary of State. (Brooks ¶ 4). A summons and copy of the complaint were served on Mitocolor on April 13, 2021. (Brooks ¶ 4). Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i) and Cal. Corp. Code § 1702(a), Mitocolor's responsive pleading was due on May 14, 2021, but Mitocolor failed to file an answer or otherwise respond to the complaint. (Brooks ¶¶ 5-6). On May 27, 2021, Canon filed a request for entry of default against Mitocolor. (Brooks ¶ 7). The Clerk of Court entered default against Mitocolor on May 28, 2021, based on Mitocolor's failure to answer or otherwise respond to Canon's complaint. (Brooks ¶ 8). On June 1, 2021, Canon filed a Rule 26(f) report proposing a July 30, 2021 deadline for filing a motion for default judgment. (*See* Dkt. No. 17). On June 2, 2021, the Court issued a scheduling notice adopting the July 30 deadline. (*See* Dkt. No. 18).

Canon therefore requests that the Court (1) enter default judgment in favor of Canon and against Mitocolor and (2) order that, until the expiration of the last to expire of U.S. Patent Nos. 8,565,649 (the "'649 patent"); 9,354,551 (the "'551

---

[1] "Brooks ¶ __" refers to the numbered paragraphs of the accompanying Declaration of Sarah S. Brooks in Support of Canon's Motion for Default Judgment and Permanent Injunction.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

patent"); 9,753,402 (the "'402 patent"); 10,209,667 (the "'667 patent"); 10,289,060 (the "'060 patent"); 10,289,061 (the "'061 patent"); 10,295,957 (the "'957 patent"); 10,488,814 (the "'814 patent"); 10,496,032 (the "'032 patent"); 10,496,033 (the "'033 patent"); 10,514,654 (the "'654 patent"); 10,520,881 (the "'881 patent"); and 10,520,882 (the "'882 patent"), Mitocolor and its subsidiaries, affiliates, officers, directors, agents, servants, employees, successors, and assigns, and all other persons and organizations in active concert or participation with it, be permanently enjoined and restrained from engaging in any of the following activities:

    (a)    making, using, selling, or offering for sale in the United States, or importing into the United States, (i) any of the accused toner supply containers identified in the complaint in this action (*i.e.*, toner supply containers bearing the designations 08-08.9-ITCANON3325K1, 08-08.9-ITCANON3325C1, 08-08.9-ITCANON3325M1, and 08-08.9-ITCANON3325Y1), (ii) any other toner supply container that has a pump as depicted in attached Appendix A and falls within the scope of at least one claim of at least one of the '649, '551, and '402 patents, (iii) any other toner supply container that has a track as depicted in attached Appendix B and falls within the scope of at least one claim of at least one of the '667, '060, '061, '957, '814, '032, '033, '654, '881, and '882 patents, and (iv) any other toner supply container that is not more than colorably different from (i), (ii), or (iii) and falls within the scope of at least one claim of at least one of the '649, '551, '402, '667, '060, '061, '957, '814, '032, '033, '654, '881, and '882 patents;

    (b)    otherwise directly infringing, contributorily infringing, or inducing infringement of any of the claims of the '649, '551, '402, '667, '060, '061, '957, '814, '032, '033, '654, '881, or '882 patents with respect to (i) any of the accused toner supply containers identified in the complaint in this action (*i.e.*, toner supply containers bearing the designations 08-08.9-ITCANON3325K1, 08-08.9-ITCANON3325C1, 08-08.9-ITCANON3325M1, and 08-08.9-ITCANON3325Y1),

(ii) any other toner supply container that has a pump as depicted in attached Appendix A and falls within the scope of at least one claim of at least one of the '649, '551, and '402 patents, (iii) any other toner supply container that has a track as depicted in attached Appendix B and falls within the scope of at least one claim of at least one of the '667, '060, '061, '957, '814, '032, '033, '654, '881, and '882 patents, and (iv) any other toner supply container that is not more than colorably different from (i), (ii), or (iii) and falls within the scope of at least one claim of at least one of the '649, '551, '402, '667, '060, '061, '957, '814, '032, '033, '654, '881, and '882 patents; and

(c) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) and (b) above.

Pursuant to Local Rule 55-1, the defaulting party is a California corporation, and therefore not an infant or incompetent person, and the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply. (Brooks ¶¶ 9-10). Because Mitocolor has not entered an appearance in this action, service of this notice of motion and related papers is not required by Fed. R. Civ. P 55(b)(2). Nevertheless, while not required, Canon is serving courtesy copies of this notice of motion and related papers on Mitocolor's current designated agent for service of process. (Brooks ¶ 11).

The relief that Canon seeks and the bases for granting such relief are set forth in this notice of motion and motion, the accompanying memorandum in support of Canon's motion for entry of default judgment and issuance of a permanent injunction, the accompanying declarations of Mr. Akira Domon, Ms. Sarah S. Brooks, and Mr. Andrew Kutas, and their exhibits; the records and files in this action; and any additional material that may properly come before the Court for its consideration. A proposed default judgment and permanent injunction is submitted herewith.

Dated: August 2, 2021         VENABLE LLP

/s/  *Sarah S. Brooks*
Sarah S. Brooks
Andrew J. Kutas (*Pro Hac Vice*)

*Attorneys for Plaintiff Canon Inc.*