JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-2074 JVS (PVCx) | Date | September 15, 2021 |
| Title | Canon, Inc. v. Mitocolor, Inc. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion for Default Judgment and Permanent Injunction**

Plaintiff Canon, Inc. ("Canon") filed a motion for default judgment and permanent injunction against Defendant MITOCOLOR, Inc. ("Mitocolor"). Mot., Dkt. No. 21.

No party requested a hearing in response to the posting of the Tentative Order. The Court finds that oral argument would not helpful in this matter. For the following reasons, the Court **GRANTS** the motion.

I. **BACKGROUND**

Canon is a manufacturer and seller of copying machines, laser beam printers, inkjet printers, and other consumer, business, and industrial products. Compl., Dkt. No. 1, ¶ 3. Canon is the sole owner of the entire, right, title and interest in a number of different patents ("Patents at Issue") related to toner supply containers and toner supply systems. Id. ¶¶ 9-23. The toner supply containers for several different Canon copy machines are covered by one or more claims of the patents. Id. ¶ 24.

On March 8, 2021, Canon filed this action against Mitocolor. Compl., Dkt. No. 1. Canon alleges that Mitocolor is engaged in the business of selling toner supply containers for use in one or more Canon copy machines. Id. ¶ 24. Canon alleges that multiple different models of Mitocolor toner supply containers infringe on the Patents at Issue. Id. ¶ 25-26.

On April 13, 2021, the Court granted Canon permission to serve Mitocolor via the

JS - 6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-2074 JVS (PVCx) | Date | September 15, 2021 |
| Title | Canon, Inc. v. Mitocolor, Inc. | | |

California Secretary of State's office. Order, Dkt. No. 13. On April 16, 2021, Mitocolor was served with the Complaint and related documents through the Secretary of State's office. Proof Serv., Dkt. No. 14. The Clerk entered a default against Mitocolor on May 28, 2021. Default, Dkt. No. 16.

## II. LEGAL STANDARD

### A. Default Judgment

Before a court can enter a default judgment against a defendant, a plaintiff must satisfy the procedural and substantive requirements for default judgment.

#### i. Procedural Requirements

For a default judgment, a plaintiff must satisfy the procedural requirements of the Federal Rules of Civil Procedure. Rule 54(c) states that a default judgment cannot grant relief that is different from the requested relief in a complaint. Fed. R. Civ. P. 54(c). Under Rule 55(a), a clerk must enter a default when a defendant has failed to plead, defend, or appear in any form. Fed. R. Civ. P. 55(a). Lastly, if a defaulting party has appeared in an action, then a plaintiff needs to serve a motion for default on the defaulting party. Fed. R. Civ. P. 55(b)(2).

In addition, a party seeking a default judgment must satisfy the requirements of Local Rule 55-1. To satisfy Local Rule 55-1, a plaintiff needs to submit a declaration establishing (1) when and against who the clerk entered a default, (2) the pleading on which default was entered, (3) whether the defaulting party is an infant or incompetent "and if so, whether that person is represented by a guardian, committee, conservator or other representative," (4) whether the Servicemembers Civil Relief Act applies, and (5) whether the plaintiff served a notice of the motion on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2). L.R. 55-1.

#### ii. Substantive Requirements

The Ninth Circuit has identified seven factors (together, the "Eitel factors") that a court considers when determining whether to grant a default judgment: (1) the possibility

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-2074 JVS (PVCx) | Date | September 15, 2021 |
| Title | Canon, Inc. v. Mitocolor, Inc. | | |

of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at issue; (5) the possibility of a dispute regarding material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Taken together, the second and third Eitel factors, related to the merits of a plaintiff's claims and the sufficiency of the complaint, address whether the party seeking default judgment has stated a claim upon which it may recover. See, e.g., Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citing PepsiCo Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172 (C.D. Cal. 2002)).

On an application for a default judgment, the factual allegations in the complaint are taken as true, with the exception of those regarding damages. See Pope v. United States, 323 U.S. 1, 12 (1944); Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir.1992). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### B. Permanent Injunction

To obtain a permanent injunction, a plaintiff must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). The Court's "decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court." Id.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-2074 JVS (PVCx) | Date | September 15, 2021 |
| Title | Canon, Inc. v. Mitocolor, Inc. | | |

### III. DISCUSSION

*A.    Default Judgment*

　　*i.    Procedural Requirements*

Canon has satisfied the procedural requirements for a default judgment against Mitocolor. Canon's initial complaint requested a permanent injunction, damages, and costs. Compl., Prayer for Relief. The motion for default judgment seeks the same relief, absent damages and costs, in satisfaction of Rule 54(c). Mot. at 1. Service of this motion is not required by Rule 55 because Mitocolor has not made an appearance in this action.

Canon submitted a declaration in satisfaction of Local Rule 55-1. Brooks Decl., Dkt. No. 21-2. The declaration states that the Clerk entered default against Mitocolor on May 28, 2021. Id. ¶ 7. The default was entered based on Mitocolor's failure to respond to Canon's complaint. Id. ¶ 8. The declaration states that Mitocolor is not an infant or incompetent, nor is the Servicemembers Relief Act applicable. Id. ¶ 9-10. Finally, Canon served courtesy copies of the notice of motion and related papers on Mitocolor's designated agent for service of process. Id. ¶ 11.

Therefore, Canon has met the procedural requirements of a default judgment.

　　*ii.    Substantive Requirements*

Consideration of the Eitel factors shows that all factors either weigh in favor of a default judgment against Mitocolor or are neutral. The Court finds that Canon has met the substantive requirements for entry of default judgment against Mitocolor.

　　　　(1)    Possibility of Prejudice to Canon

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-2074 JVS (PVCx) | Date | September 15, 2021 |
| Title | Canon, Inc. v. Mitocolor, Inc. | | |

Under the first Eitel factor, a court needs to examine whether a plaintiff will experience prejudice if he does not receive a default judgment. Eitel, 782 F.2d at 1472. If, absent a default, a plaintiff has no remedy, then he will suffer prejudice. Philip Morris, 219 F.R.D. at 499; PepsiCo, 238 F. Supp. 2d at 1175.

Canon alleges that the Mitocolor toner supply containers are sold to customers who would otherwise purchase a Canon product, thus causing lost sales. Mot. at 13. Additionally, Canon alleges a risk of loss of goodwill if malfunctions caused by Mitocolor products cause customers to think less of Canon products. Id. at 13-14. Together, these are sufficient to meet the showing of prejudice. Thus, the first Eitel factor favors default judgment.

> (2) Merits of Canon's Substantive Claim and Sufficiency of the Complaint

The second and third Eitel factors consider the substantive merit of the plaintiff's claim and the sufficiency of the complaint. Eitel, 782 F.2d at 1471. Taken together, they "require that a plaintiff state a claim on which it may recover." Landstar Ranger, Inc. v. Parth Enterprises, Inc., 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (internal quotations omitted). Here, Canon asserts thirteen causes of action against Mitocolor for direct and indirect patent infringement. Compl. ¶¶ 27-130. Because the factual allegations establish direct infringement, and because any type of infringement will justify the damages sought by Canon, the Court does not consider the indirect infringement claims.

To establish a claim for direct patent infringement under the first subsection of 35 U.S.C. § 271, a plaintiff must show that the defendant "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor . . . ." 35 U.S.C. § 271(a).

For each of the Patents at Issue, "Canon contends that each element of each asserted claim is literally present in the accused toner supply containers." See, e.g., Compl. ¶ 32. This is sufficient to allege a claim for direct infringement. After the entry of default the factual allegations in the complaint are taken as true. Thus, this is sufficient to establish the merits of Canon's claim. The second and third Eitel factors favor default.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-2074 JVS (PVCx) | Date | September 15, 2021 |
| Title | Canon, Inc. v. Mitocolor, Inc. | | |

(3) Sum of Money at Stake

The fourth Eitel factor considers whether the amount of money at stake is proportional to the harm caused by the defendant. PepsiCo, 238 F. Supp. 2d at 1176. Canon is only seeking injunctive relief from continued patent infringement, not any monetary damages. Thus, this factor favors granting default judgment. See Id. at 1176-77.

(4) Possibility of Disputed Material Facts

The fifth Eitel factor considers the possibility of a dispute concerning material facts. Eitel, 782 F.2d at 1471-72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." PepsiCo, 238 F. Supp. 2d at 1177. Since default has already been entered in this case, all facts in the complaint are taken as true. Thus, there are no genuine disputes and this factor weighs in favor of granting the motion.

(5) Possibility of Excusable Neglect

The sixth Eitel factor considers whether the default was due to excusable neglect. Eitel, 782 F.2d at 1472. The possibility of excusable neglect is remote when the defendant has been properly served or is aware of the lawsuit. Wecosign, Inc. v. IFG Holdings, Inc., 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). This applies when service is properly made through the California Secretary of State. Landstar Ranger, 725 F. Supp. 2d at 922.

On April 13, 2021, Canon properly made service through the California Secretary of State after requesting authorization from the court. Brooks Decl., Dkt. No. 21-2, ¶4. After learning of Mitocolor's new agent for service of process, Canon also served the agent with courtesy copies of the summons and complaint and other relevant case materials on June 15, 2021. Kutas Decl., Dkt. No. 21-3 ¶ 5. Given the extensive efforts of Canon to serve Mitocolor, possibility of excusable neglect is remote. Accordingly, this factor favors default judgment.

(6) Policy for Deciding Cases on the Merits

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-2074 JVS (PVCx) | Date | September 15, 2021 |
| Title | Canon, Inc. v. Mitocolor, Inc. | | |

The final Eitel factor recognizes that "[c]ases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. Where a defendant fails to answer the complaint, however, a decision on the merits is "impractical, if not impossible." PepsiCo, 238 F. Supp. 2d at 1177. Here, Mitocolor has failed to respond to the complaint. Thus, this factor does not weigh against default judgment.

The Court finds that consideration of the Eitel factors supports the entry of default judgment.

    *B.    Permanent Injunction*

Canon seeks relief in the form of a permanent injunction. Mot. at 10. This Court has the authority to "grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. When seeking injunctive relief, a plaintiff must establish (1) actual success on the merits; (2) a likelihood of irreparable injury absent injunctive relief; (3) that the balance of hardships favors the plaintiff; and (4) that an injunction furthers the public interest. eBay, 547 U.S. at 391.

Canon has adequately established all of the elements necessary for injunctive relief. First, on the merits, the Court already found Mitocolor liable for infringement of the Patents at Issue. Second, Canon is likely to suffer irreparable injury absent an injunction. The fact that Mitocolor has been nonresponsive to this litigation suggests that Canon would not be able to recover or otherwise stop infringement absent a permanent injunction. Even if Mitocolor was responsive, calculation of exact damages would be difficult where the alleged harm is intangible. Third, the balancing of the harms favors Canon. The only harm of an injunction to Mitocolor would be an end to the infringement of Canon's patents. Meanwhile, absent an injunction, Canon would suffer continued harm in the form of lost sales, goodwill, and control of their products. Finally, the public interest would be served by protecting Canon's intellectual property.

Accordingly, the Court grants the motion and permanently enjoins Mitocolor from infringing the Patents at Issue.

**IV. CONCLUSION**

JS - 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No.  SACV 21-2074 JVS (PVCx)     Date  September 15, 2021

Title  Canon, Inc. v. Mitocolor, Inc.

For the foregoing reasons, the Court **GRANTS** the motions for default judgment and a permanent injunction.

: 0

Initials of Preparer  lmb